## Francisco López, Jr., peticionario.

### No. 7.—*Resuelto:* Noviembre 16, 1925.

1. Abogado y Cliente— La Profesión de Abogado— Admisión al Ejercicio de la Profesión — Admisión sin Exámenes — Preceptos Estatutorios. — De acuerdo con la Ley 17 de 1925 (p. 135) para que el Tribunal Supremo pueda admitir a alguna persona al ejercicio de la profesión sin previo examen, ha de estar satisfecho por la prueba que se le suministre que la misma ha practicado como abogado en bufetes de abogados autorizados para el ejercicio de su profesión.

2. Abogado y Cliente— La Profesión de Abogado— Admisión al Ejercicio de la Profesión— Admisión sin Exámenes — Evidencia — Naturaleza de la Misma.—La evidencia que se suministre a la Corte Suprema en relación con la práctica del peticionario debe ser de tal naturaleza que permita llegar a dicho tribunal a la conclusión de que tal persona ha practicado como abogado en el bufete de otro que está autorizado para ejercer.

3. Abogado y Cliente— La Profesión de Abogado— Admisión al Ejercicio de la Profesión—Admisión sin Exámenes—Evidencia—Insuficiencia de la Misma.—Cuando las declaraciones presentadas por el peticionario en relación con su práctica de abogado no contienen hechos de donde el tribunal pueda deducir que tal práctica ha existido sino la afirmación de que el peticionario ha practicado como abogado durante determinado tiempo, dicha prueba es insuficiente y procede negar la solicitud sobre admisión sin examen.

Solicitud sobre admisión al ejercicio de la abogacía sin examen. *Sin lugar.*

El peticionario compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El peticionario solicita que lo admitamos al ejercicio de la profesión de abogado sin examen alegando que hace más de diez años que obtuvo su título de abogado en una universidad acreditada de los Estados Unidos y que por más de cinco años ha ejercido su profesión en varios bufetes de abogados autorizados para ejercerla, acompañando con su petición el título y declaraciones juradas de abogados en

ejercicio en las que éstos manifiestan que el peticionario
practicó como abogado en sus bufetes en determinadas épo-
cas, que suman más de cinco años.

La Ley No. 17 de 1925 (p. 135) concede el derecho de
ser admitido al ejercicio de la abogacía sin examen a toda
persona que habiéndose graduado como abogado en cual-
quier universidad acreditada de Europa o de los Estados
Unidos, por lo menos diez años antes de la aprobación de
la ley, "probare a satisfacción del Tribunal Supremo, que
ha practicado durante cinco (5) años por lo menos en algún
bufete de un abogado autorizado para ejercer su profesión
por el Tribunal Supremo de Puerto Rico, . . . ."

Los términos de esa ley demuestran por sí mismos que
para que este tribunal pueda admitir a alguna persona al
ejercicio de la profesión de abogado sin sufrir examen pre-
vio ha de estar satisfecho por la prueba que se le suminis-
tre que la misma ha practicado como abogado en bufetes de
abogados autorizados para el ejercicio de su profesión, por
lo que dicha evidencia debe ser de tal carácter que nos per-
mita llegar por nosotros mismos a la conclusión de que tal
persona ha practicado como abogado en el bufete de otro
que está autorizado para ejercer, y consiguientemente la
prueba que se nos suministre debe exponer hechos, y no
conclusiones, de los cuales nosotros podamos concluir que el
peticionario ha practicado como abogado en el bufete de
otro.  Nosotros, como tribunal, no podemos estar obligados
por la opinión de los declarantes de que el peticionario ha
practicado como abogado; y como las declaraciones presen-
tadas en este caso no contienen hechos para deducir noso-
tros que tal práctica ha existido sino la afirmación de que
el peticionario ha practicado como abogado durante deter-
minado tiempo, no la encontramos suficiente y por este mo-
tivo es que negaremos lo que se nos pide.

*Negada la petición.*

El Juez Asociado Sr. Wolf no tomó parte en la resolu-
ción de este caso.